UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORVEN GERALDO HILL,<br><br>Plaintiff,<br><br>-against-<br><br>RUVIEL LOPEZ QUINTANILLA,<br><br>Defendant. | Civil Action No.: ____________<br><br>Removed from: Supreme Court of the State of New York, County of Bronx, Index No. 808815/2026E<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant RUVIEL LOPEZ QUINTANILLA ("Defendant"), by his attorneys, Goldberg Segalla LLP, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant respectfully states as follows:

## THE STATE COURT ACTION

1. On or about May 7, 2026, Plaintiff JORVEN GERALDO HILL ("Plaintiff") commenced this action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx, under Index No. 808815/2026E (the "State Court Action"). A true and correct copy of the Summons and Verified Complaint is annexed hereto as **Exhibit A**.

2. The Verified Complaint alleges that on December 10, 2025, on East 173rd Street at or near its intersection with Washington Avenue, in the County of Bronx, City and State of New York, a motor vehicle operated by Plaintiff came into contact with a motor vehicle owned and operated by Defendant. (Ex. A) Plaintiff asserts a cause of action for negligence and alleges that

she sustained "serious injuries" as defined in New York Insurance Law § 5102(d) and economic loss greater than basic economic loss. (Id.)

3. On September 11, 2026, Defendant filed and served his Verified Answer in the State Court Action. A true and correct copy of the Verified Answer is annexed hereto as **Exhibit B**.

4. Consistent with CPLR 3017(c), which prohibits a plaintiff in an action for personal injury from stating the amount of damages sought in the complaint, the Verified Complaint does not specify an amount of damages, demanding only judgment "in excess of the jurisdictional limits of the lower Courts." (Ex. A ¶ 19 & Wherefore Clause.) Accordingly, on September 11, 2026, Defendant served a Demand Pursuant to CPLR 3017(c) requesting that Plaintiff set forth the total damages to which Plaintiff deems himself entitled. A true and correct copy of that Demand is annexed hereto as **Exhibit C**.

5. Plaintiff served a Response to Demand Pursuant to CPLR 3017(c), dated October 7, 2026, in which Plaintiff "demands judgment against the defendant in the sum of TWENTY-FIVE MILLION ($25,000,000.00) DOLLARS." The Response was served by first-class mail postmarked October 12, 2026, and was received by Defendant's counsel on October 23, 2026. A true and correct copy of the Response, including the mailing envelope, is annexed hereto as **Exhibit D**.

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action because the action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. The action is therefore removable pursuant to 28 U.S.C. § 1441(a).

**A. Complete Diversity of Citizenship Exists**

7. Plaintiff. The Verified Complaint alleges that Plaintiff "was and still is a resident of County of Bronx, City and State of New York." (Ex. A ¶ 1.) Upon information and belief, Plaintiff is domiciled in, and is therefore a citizen of, the State of New York.

8. Defendant is an individual who, at the time the State Court Action was commenced and at the time of this removal, was and is domiciled in the State of New Jersey, residing at 420 14th Street, Union City, Hudson County, New Jersey 07087. Defendant is therefore a citizen of the State of New Jersey. The Summons itself is addressed to Defendant at his Union City, New Jersey residence.[1]

9. Because Plaintiff is a citizen of New York and Defendant is a citizen of New Jersey, there is complete diversity of citizenship between the parties.

**B. The Amount in Controversy Exceeds $75,000**

10. Plaintiff's CPLR 3017(c) Response expressly demands judgment in the sum of $25,000,000.00. (Ex. D.) Therefore, the amount in controversy therefore exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

11. The Verified Complaint did not state the amount of damages sought and therefore did not trigger the thirty-day removal period. Under 28 U.S.C. § 1446(b)(3), where the case stated

[1]Paragraph 3 of the Verified Complaint alleges that Defendant "was and still is a resident of County of Hudson, State of New York." (Ex. A ¶ 3.) There is no Hudson County in the State of New York; Hudson County is in New Jersey and includes Union City, the address at which Plaintiff directed the Summons to Defendant. The reference to "State of New York" is plainly a scrivener's error. [To the extent Defendant's Verified Answer admitted Paragraph 3, that admission was directed to Defendant's residence in Hudson County, and Defendant does not admit that he resides in or is a citizen of New York. Defendant will amend his pleading as necessary to correct the record.]

by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of "other paper" from which it may first be ascertained that the case is one which is or has become removable.

12. Plaintiff's CPLR 3017(c) Response, dated October 7, 2026, mailed October 12, 2026, and received by Defendant's counsel on October 23, 2026, is the first paper from which it could be ascertained that the amount in controversy exceeds $75,000. This Notice of Removal is filed within thirty days of Defendant's receipt of that paper and is therefore timely under 28 U.S.C. § 1446(b)(3).

13. This Notice of Removal is also filed within one year of the commencement of the State Court Action on May 7, 2026, as required by 28 U.S.C. § 1446(c)(1).

## VENUE AND PROCEDURAL REQUIREMENTS

14. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the Supreme Court of the State of New York, County of Bronx, where the State Court Action is pending, lies within the Southern District of New York. See 28 U.S.C. § 112(b).

WHEREFORE, Defendant RUVIEL LOPEZ QUINTANILLA respectfully requests that the State Court Action, now pending in the Supreme Court of the State of New York, County of Bronx, under Index No. 808815/2026E, be removed to the United States District Court for the Southern District of New York, and that this Court assume jurisdiction over this action for all further proceedings.

Dated: White Plains, New York
October 30, 2026

GOLDBERG SEGALLA LLP

By: *Matthew P. Levy*
Matthew P. Levy, Esq.
***Attorneys for Defendant***
***RUVIEL LOPEZ QUINTANILLA***
50 Main Street, Suite 425
White Plains, New York 10606
Tel: 914.798.5445
mlevy@goldbergsegalla.com

TO: **VIA FIRST CLASS MAIL AND EMAIL**

WILLIAM SCHWITZER & ASSOCIATES, P.C.
ATTN: Beth M. Diamond, Esq.
***Attorneys for Plaintiff***
820 Second Avenue, 10th Floor
New York, New York 10017
Tel: 212.683.3800
bdiamond@wsatlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I caused a true and correct copy of the foregoing Notice of Removal, together with all exhibits annexed thereto, to be electronically filed with the Clerk of the Court using the CM/ECF system, and further caused a copy of the same to be served upon the following counsel of record by first class mail and email:

TO: WILLIAM SCHWITZER & ASSOCIATES, P.C.
ATTN: Beth M. Diamond, Esq.
***Attorneys for Plaintiff***
820 Second Avenue, 10th Floor
New York, New York 10017
Tel: 212.683.3800
bdiamond@wsatlaw.com

Dated: White Plains, New York
October 30, 2026

*Matthew P. Levy*
Matthew P. Levy, Esq.



59395776.v1